IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | ) | |
|---|---|---|
| HERBERT L. SINGLETON, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:21-cv-00020 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ASTRO HOLDINGS COMPANY, LLC, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

On March 11, 2021, Plaintiff Herbert L. Singleton, III, proceeding *pro se*, filed a complaint against his former employer Defendant Astro Holdings Company, LLC ("Astro"). The court construes the complaint to allege racial discrimination, sex-based discrimination, retaliation, and a hostile workplace under Title VII. This matter is before the court on Astro's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 10). For the reasons below, the court will grant Astro's motion to dismiss on each claim.[1]

## I.   BACKGROUND

The facts are taken from Singleton's *pro se* complaint and, for purposes of resolving Astro's motion to dismiss, are considered true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Astro hired Singleton on or around May 1, 2019, as an assistant sales manager, and later promoted him to manager. (ECF No. 11-1 at 1.) Singleton's complaint states that he "was

---

[1] After reviewing the record, the court finds that oral argument will not assist in its resolution of this motion. The facts and legal contentions of the parties are adequately set forth in their pleadings.

subjected to a hostile work environment" while he worked at Astro. (ECF No. 2 at 3.) Specifically, Singleton claims that he told Terrence Fuller[2] that Derrick Reid,[3] a district manager, referred to Singleton more than once as "the big black angry guy." (*Id.*)

Singleton claims that during a shift on August 8, 2020, a homeless person threw bodily fluids on him, that he defended himself, and that Astro fired him for doing so. Singleton alleges that, when he was terminated, Fuller told him that he would not be allowed back in the store because the altercation was "not a good look." (*Id.* at 4.)

Singleton also alleges that he complained about a cockroach problem and requested a raise, both of which contributed to Astro's decision to fire him. Singleton does not offer any other explanations for his termination besides the altercation, the cockroaches, and the requested raise.

Singleton further alleges that, during his employment, Astro paid him less than "underperforming store managers." (*Id.*) He does not offer any other factual support for this allegation, nor does he allege the race or sex of those he claims were paid more for inferior performance.

On or about November 16, 2020, Singleton filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 11-1 at 1.) On the form complaint, Singleton checked boxes indicating that he was alleging retaliation and sex-based discrimination; he did not select the boxes for race discrimination or "other." Singleton's EEOC complaint alleges that he complained "about the store's mistreatment," presumably

---

[2] Singleton does not explain his relationship to Terrence Fuller.

[3] Singleton alternatively spells his district manager's name as "Derrick" and "Derick." This Order uses the more common spelling.

based on the events that preceded his dismissal. (*Id.*) The EEOC eventually closed Singleton's file because "[t]he facts alleged in the charge fail[ed] to state a claim under any of the statutes enforced by the EEOC," and notified Singleton of his right to sue. (ECF No. 2-1 at 2.)

On March 11, 2021, Singleton filed the instant complaint, which the court construes as including claims for sex-based discrimination, race-based discrimination, retaliation, and a hostile workplace under Title VII. Singleton seeks $120,000 for "emotional damages, lost wages, lost vacation time, lost bonuses [and] commissions." (ECF No. 2 at 5.)

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, "[l]iberal construction of the pleadings is particularly appropriate

3

where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (alteration original). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III. ANALYSIS

#### A. Racial Discrimination

Astro argues that Singleton failed to exhaust his administrative remedies regarding his claim of racial discrimination. Exhaustion of administrative remedies under Title VII requires the plaintiff to file a charge of discrimination with the EEOC. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Filing a charge with the EEOC, and receiving a right-to-sue letter from that agency, are prerequisites for suing under Title VII in federal court. *Ray v. Amelia Cnty. Sheriff's Off.*, 302 F. App'x 209, 212 (4th Cir. 2008) (per curiam). The scope of a plaintiff's lawsuit is then confined to "the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Khoury v. Meserve*, 85 F. App'x 960, 960 (4th Cir. 2004) (per curiam). The court may not consider a claim beyond the scope of a plaintiff's EEOC charge. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002).

Insofar as Singleton's complaint includes a claim of racial discrimination under Title VII, Singleton has not exhausted his administrative remedies. When Singleton filed his charge with the EEOC, he selected only the boxes indicating retaliation and sex-based discrimination; Singleton did not select the box labeled "race." And the narrative portion of Singleton's EEOC charge does not mention his race or allege that his race played any role in his termination. Any

4

race-based claims raised in Singleton's complaint are, therefore, beyond the scope of any investigation that could reasonably be expected to follow his EEOC charge and therefore unexhausted. *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593–94 (4th Cir. 2012) ("We have therefore not found exhaustion where a charge alleges only racial discrimination but the complaint includes sex discrimination, or where a charge alleges only retaliation but the complaint alleges racial discrimination[.]") (cleaned up). Astro's motion to dismiss this claim will therefore be granted because Singleton failed to exhaust his administrative remedies.

### B. Sex Discrimination

Insofar as Singleton asserts a claim for sex discrimination, there is no dispute that he exhausted that claim before the EEOC. Singleton's complaint, however, lacks factual allegations necessary to state a claim for sex discrimination under Title VII.

To survive a motion to dismiss, a Title VII plaintiff must "allege facts to satisfy the elements of a cause of action created by that statute." *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Title VII makes it an unlawful employment practice "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). A plaintiff pleads unlawful employment practices under § 2000e-2 when he "demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* § 2000e-2(m). The appropriate inquiry is, therefore, whether Singleton has alleged facts which plausibly state a violation of Title VII. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020). "The mere fact that a certain action is potentially consistent with discrimination

5

does not alone support a reasonable inference that the action was motivated by bias." *Id.* at 618.

Indeed, there is no allegation in Singleton's complaint that Astro took any action at all because of his sex. And Singleton himself does not attribute his termination to his sex.[4] Instead, he attributes his termination to his complaints of cockroach infestation, his request for a raise, and his altercation with a homeless individual. Singleton's complaint includes no facts that can support an inference that Singleton's sex motivated Astro's actions.[5] For example, he does not allege that female employees were retained or subject to less severe sanctions after similar incidents. The court will therefore grant Astro's motion to dismiss Singleton's sex discrimination claim.

### C. Retaliation

Title VII prohibits retaliation by employers "because the employees have opposed any . . . unlawful employment practice by Title VII, or because the employees have . . . participated in any manner in an investigation under Title VII." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (cleaned up) (citing 42 U.S.C.A. § 2000e–3(a)). The elements of a *prima facie* retaliation claim under Title VII are: "(1) engagement in a protected activity; (2) adverse

---

[4] Singleton's complaint alleges that his supervisor referred to him as "the big angry black guy." This is the only reference to Singleton's sex in the pleadings, and it is insufficient, by itself, to support a cause of action. "Of course, a single offensive utterance—e.g., simple teasing or an offhand comment—generally will not create a hostile environment without significant repetition or an escalation in the harassment's severity." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc).

[5] Insofar as Singleton's allegations that he was paid less than "underperforming store managers" can be construed as a claim of unequal pay under Title VII, he has failed to state a claim. Singleton does not allege "that similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). His complaint never mentions another store manager, let alone a female store manager. As such, his claim fails.

employment action; and (3) a causal link between the protected activity and the employment action." *Id.*

There are two categories of protected activities relevant to a retaliation claim: participation and opposition. *Stennis v. Bowie State Univ.*, 716 F. App'x 164, 166 (4th Cir. 2017) (per curiam). Participation encompasses "(1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing under Title VII." *Id.* (quoting *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998)). The Fourth Circuit has adopted an "expansive view of what constitutes oppositional conduct, recognizing that it encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Id.* (quoting *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015)).

Singleton does not allege that he engaged in any protected activity. The record does not include reference to any action that would arguably be protected by Title VII until Singleton filed his EEOC charge. By that time, he had already been terminated. Singleton attributes his termination to his altercation with a homeless individual, his complaints about cockroaches, and his request for a raise. These are not protected activities. Singleton's alleged complaints were "generalized verbal complaints to co-workers and supervisors," which are "distinguishable from cases where informal opposition to an employer's actions was considered protected activity under Title VII." *White v. Rice*, 46 F.3d 1130, *4 (4th Cir. 1995) (unpublished table decision); *see also Kim v. Panetta*, No. 1:11cv1370, 2012 WL 3600288, at *17 (E.D. Va. Apr. 21, 2012) ("Protected activity does not include generalized employment-related complaints unrelated to Title VII-prohibited discrimination."). As such, Singleton has failed

to state a claim for retaliation. The court will grant Astro's motion to dismiss this claim.

### D. Hostile Work Environment

Singleton's complaint alleges that Astro created a hostile or "toxic" work environment. Title VII prohibits "the creation or perpetuation of a discriminatory work environment." *See Vance v. Ball State Univ.*, 570 U.S. 421, 426–27 (2013). A hostile work environment exists when "'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). In order to succeed on a hostile-workplace claim, a plaintiff must prove "(1) he experienced unwelcome harassment; (2) the harassment was based on his race, color, religion, national origin, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Baqir v. Principi*, 434 F.3d 733, 745–46 (4th Cir. 2006). But the "mere utterance of an . . . epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII." *Boyer-Liberto*, 786 F.3d at 277. Likewise, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citations omitted).

To be sure, a single incident can be sufficient to create a hostile work environment if the incident is "extremely serious." *Boyer-Liberto*, 786 F.3d at 277 (citing *Faragher*, 524 U.S. at

8

780). But Singleton's allegations do not clear this high bar. Singleton's complaint alleges that Derrick Reid, a district manager, referred to Singleton as "the big black angry guy" during and after Singleton's employment. Although this alleged comment is offensive, Singleton has not pleaded conduct that was "sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive atmosphere." *Baqir*, 434 F.3d at 745–46. His allegation, as currently pleaded, does not rise to the level required: that the "workplace [be] permeated with discriminatory intimidation, ridicule, and insult." *Boyer–Liberto*, 786 F.3d at 272. The court will therefore dismiss this claim.[6]

### IV. CONCLUSION

Singleton's complaint fails to state a claim upon which relief can be granted. Accordingly, Astro's motion to dismiss will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 8th day of November, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[6] The court is dismissing Singleton's exhausted claims without prejudice. He will therefore have an opportunity to file an amended complaint with sufficient factual detail to support his sex discrimination, retaliation, and hostile work environment claims.